# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant MICHAEL Q. COFFMAN**
**United States Army, Appellant**

ARMY 20190329

Headquarters, Fort Bliss
Michael S. Devine, Military Judge
Lieutenant Colonel Brett A. Farmer, Staff Judge Advocate

For Appellant: Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA.

For Appellee: Major Hannah E. Kaufman, JA.

1 April 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

WALKER, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas of one specification of absence without leave terminated by apprehension and one specification of wrongful use of cocaine in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2016) [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. The pretrial agreement limited the confinement to 121 days. The convening authority elected not to take action pursuant to Article 60, UCMJ, thereby approving the adjudged sentence in violation of the pretrial agreement. Corrective action is required, but in the interest of judicial economy, we will provide relief in the decretal paragraph instead of sending this record back for further action.

We review this case under Article 66, UCMJ. While appellant did not raise any issues before this court, he did note that the convening authority's election to take no action on the adjudged sentence was erroneous and inconsistent with the

pretrial agreement which limited the confinement to 121 days.* The government agrees that the convening authority's action on the sentence was in contravention of the pre-trial agreement as does this court.

It is our superior court's well established precedent that where a convening authority has failed to take action he was required to take under the terms of a pretrial agreement, this court has the authority to enforce the agreement. *United States v. Cox*, 22 C.M.A. 69, 46 C.M.R. 69, 71 (C.M.A. 1972). Furthermore, judicial economy dictates that this court exercise that authority and correct the error at our level rather than send the case back for a corrected action. "[I]t would be a classic waste of resources for an appellate court to remand the case for consideration of [a] clearly meritorious error, rather than simply to redress the wrong, right then and there." *United States v. Welker*, 44 M.J. 85, 91 (C.A.A.F. 1996). Pursuant to our authority to enforce the terms of the pretrial agreement and in the interests of judicial economy, we will take corrective action, rather than directing the convening authority to do so.

## CONCLUSION

The findings of guilty are AFFIRMED. We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 121 days, and reduction to E-1.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

* Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally presented one matter for this court's consideration: that the post-trial delay between the date of sentencing and the certification of the record of trial warrants relief. We have given full and fair consideration to this matter and find it to be without merit.